UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

RIH, INC.,
f/k/a Rowe International, Inc.

         **Debtor.**
_____/

JEFF A. MOYER, Liquidating Trustee,

         **Plaintiff**

v.

UNDERWRITERS LABORATORIES
INC.,
a Delaware corporation,

         **Defendant.**
_____/

Case No. 03-10537
Chapter 11
Hon. Jeffrey R. Hughes

Adv. Pro. No. 05-_____

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

        Jeff A. Moyer, duly Liquidating Trustee of RIH, Inc., f/k/a Rowe International, Inc. ("Plaintiff"), by his attorneys, Warner Norcross & Judd LLP, states his Complaint to Avoid and Recover Preferential Transfers as follows:

**THE PARTIES**

        1.    On August 29, 2003 (the "Petition Date"), Rowe International, Inc., n/k/a RIH, Inc. (the "Debtor"), filed a voluntary petition with this Court for relief under Chapter 11 of the United States Bankruptcy Code.

        2.    Article V of the Debtor's Second Amended Plan of Liquidation (the "Plan") provides for the creation of a Liquidating Trust, to be managed by a Liquidating Trustee upon the Plan's Effective Date. Under Article V of the Plan, it is a responsibility of the

Liquidating Trustee to prosecute all Causes of Action, including without limitation Avoidance Actions, which are defined, in part, as all Causes of Action of the Debtor or the Estate arising under Chapter 5 of the Bankruptcy Code.

3. Under to Paragraph 5(B) of the May 27, 2004 Order Confirming Debtor's Second Amended Plan of Liquidation (the "Confirmation Order"), Plaintiff was appointed as the Liquidating Trustee.

4. Defendant Underwriters Laboratories, Inc. ("Defendant") was, at all relevant times, a creditor of the Debtor.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and 11 U.S.C. §§ 547 and 550.

6. This adversary proceeding is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001(1) and (9), and is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (F).

7. This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. § 1409(a).

## CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers – 11 U.S.C. §§547 and 550)**

8. Plaintiff reasserts paragraphs 1 through 7 as if fully set forth herein.

9. During the period between May 31, 2003 through August 29, 2003 (the "Preference Period"), the Debtor transferred property by payment of money to the Defendant, including, but not limited to, those payments more specifically set forth on the attached Exhibit A (each, individually, a "Transfer" and, collectively, the "Transfers"). Plaintiff reserves the right

2

to amend this Complaint to seek recovery of any additional transfers during the Preference Period that are discovered by Plaintiff.

10. The Debtor was insolvent on each date that a Transfer was made to the Defendant during the Preference Period.

11. Each Transfer to the Defendant during the Preference Period was made (a) to or for the benefit of the Defendant and (b) on account of an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

12. Each Transfer to the Defendant during the Preference Period enabled the Defendant to receive more than the Defendant would otherwise have received in a case under Chapter 7 of the Bankruptcy Code if such transfer had not been made and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

13. The Transfers are preferential transfers, avoidable by the Plaintiff pursuant to 11 U.S.C. § 547 of the Bankruptcy Code.

14. As the Defendant is the initial transferee of the Transfers, the Plaintiff is entitled to recover for the Debtor's bankruptcy estate the proceeds or value of the Transfers under Section 550 of the Bankruptcy Code.

WHEREFORE, Jeff A. Moyer, Liquidating Trustee, requests that this Court enter judgment in his favor and against the Defendant, granting the following relief:

A. Avoiding the Transfers in accordance with 11 U.S.C. § 547 of the Bankruptcy Code;

B. Requiring the Defendant to repay the transfers to the Liquidating Trust in the amount of $8,692.00, plus allowable pre-judgment interest, costs, and reasonable attorney's fees, in accordance with 11 U.S.C. § 550 of the Bankruptcy Code; and

C. Granting such other and further relief as this Court may deem just, equitable and proper.

Dated: August 25, 2005                                WARNER NORCROSS & JUDD LLP

By_____/ s / Michael O'Neal_____
    Gordon Toering (P46409)
    Michael O'Neal (P66247)
Business Address:
    111 Lyon Street N.W.
    Grand Rapids, MI 49503
    (616) 752-2000
Attorneys for Plaintiff Thomas A. Bruinsma
Chapter 7 Trustee
1155285-1

## **EXHIBIT A**

| UNDERWRITERS LABORATORIES INC. | 72772 | 08/18/03 | $7,891.00 |
|---|---|---|---|
|  | 71754 | 07/25/03 | $701.00 |
|  | 71905 | 07/25/03 | $100.00 |
|  |  |  |  |
| **TOTAL** |  |  | **$8,692.00** |